THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COLLEEN PARRIS, | CASE NO. C19-0128-JCC |
| Plaintiff, | ORDER |
| v. | |
| JACOBS ENGINEERING GROUP, INC., | |
| Defendant. | |

This matter comes before the Court on Plaintiff's motion for leave to file a second amended complaint (Dkt. No. 12). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES in part and GRANTS in part the motion for the reasons explained herein.

## I. BACKGROUND

On January 10, 2019, Plaintiff, proceeding *pro se*, filed a lawsuit in King County Superior Court against Defendant, alleging discrimination and retaliation claims under the Washington Law Against Discrimination ("WLAD"), Revised Code of Washington §§ 49.60.180 and 49.60.210. (Dkt. No. 1-2.) On January 28, 2019, Plaintiff filed an amended complaint. (Dkt. No. 8-6.) The following day, Defendant removed the case to this Court based on diversity jurisdiction. (Dkt. No. 1-2.) Plaintiff retained counsel in this matter on May 21, 2019, and eight days later filed a motion for leave to file a second amended complaint to join her

former supervisor Jonathan Addison as a defendant. (Dkt. Nos. 11, 12.) The proposed second amended complaint also seeks to make technical changes to the previous complaint, such as changing Defendant's business name and reorganizing the facts section. (Dkt. No. 12.)

In her proposed second amended complaint, Plaintiff alleges that Mr. Addison is employed by Defendant and that he was her supervisor in 2016. (Dkt. No. 12-2 at 12.) Plaintiff further alleges that Mr. Addison discriminated and retaliated against her in violation of WLAD. (*Id*. at 14.) She alleges the same causes of action against Mr. Addison as she does against Defendant. (*Id*. at 18–19.) The parties agree that Mr. Addison is a citizen of Washington. (Dkt. Nos. 12-2 at 5, 15 at 5.) Defendant requests that the Court deny leave to amend because Mr. Addison is a non-diverse party who would destroy diversity jurisdiction. (Dkt. No. 15.)

## II. DISCUSSION

### A. Legal Standard

Where a plaintiff has already amended his or her complaint as a matter of right, additional amendments must be made by stipulation or court order. Fed. R. Civ. P. 15(a)(2). Typically, a court will freely grant leave to amend a complaint in the absence of undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of the amendment. *See* Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962). An exception applies when a plaintiff seeks to join a defendant after removal whose joinder would destroy subject matter jurisdiction. *See* 28 U.S.C. § 1447(e). In that situation, a court may either deny joinder or allow joinder and remand the case to state court. *Id*.

Courts in the Ninth Circuit generally weigh six factors to determine if leave should be granted to join a non-diverse defendant whose joinder will destroy subject matter jurisdiction:

(1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a);

(2) whether the statute of limitations would preclude an original action against the new defendants in state court;

   (3) whether there has been unexplained delay in requesting joinder;
   (4) whether joinder is intended solely to defeat federal jurisdiction;
   (5) whether the claims against the new defendant appear valid; and
   (6) whether denial of joinder will prejudice the plaintiff.

*See IBC Aviation Services, Inc. v. Compania Mexicana de Avacion, S.A. de C.V.*, 125 F.Supp.2d 1008, 1011 (N.D. Cal. 2000). Whether to deny or permit joinder of a non-diverse defendant after removal is within the sound discretion of the district court. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). Additionally, when a defendant alleges that a plaintiff seeks to join another defendant solely to destroy diversity jurisdiction, the Court may look at evidence outside of the pleadings. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

  **B.**  **Analysis**

  This case was removed to federal court based on diversity jurisdiction. (Dkt. No. 1.) It is undisputed that Plaintiff and Mr. Addison are both citizens of Washington. (*See* Dkt. Nos. 12-2 at 5, 15 at 5.) Therefore, joining Mr. Addison as a defendant would destroy diversity among the parties and divest the Court of subject matter jurisdiction. *See* 28 U.S.C. § 1332. Defendant alleges that Plaintiff seeks to fraudulently join Mr. Addison for the sole purpose of destroying diversity so that the lawsuit will be remanded to King County Superior Court. (Dkt. No. 15 at 2.) The Court applies the six factors discussed in *IBC Aviation Services* to determine whether joinder of Mr. Addison is appropriate under the circumstances.

      **1.**  <u>**Joinder under Federal Rule of Civil Procedure 19(a)**</u>

  Mr. Addison is not an indispensable party under Federal Rule of Civil Procedure 19(a) because the Court could accord complete relief to Plaintiff in his absence and he does not claim an interest relating to the subject action. *See* Fed. R. Civ. P. 19(a)(1)(A)–(B). Plaintiff alleges the same WLAD claims against Defendant as she seeks to allege against Mr. Addison. Thus, because Mr. Addison is not subject to mandatory joinder under Federal Rule of Civil Procedure 19(a), this factor weighs in favor of denying Plaintiff's motion for leave to amend her complaint.

## 2. **Statute of Limitations**

The statute of limitations period for Plaintiff's WLAD claims is three years. Wash. Rev. Code § 4.16.080. Plaintiff's proposed amended complaint alleges that Mr. Addison stopped supervising her in March 2016. (Dkt. No. 12-2 at 14.) However, it is not entirely clear if the alleged discriminatory conduct by Mr. Addison continued after that. While Plaintiff alleges that her doctor advised her to discontinue working with Mr. Addison on March 14, 2016, she further alleges that Defendant failed to "change the work environment or remediate supervisory conduct or methods of Mr. Addison." (*Id*. at 14, 16.) Defendant asserts that Plaintiff was transferred to a different project on April 28, 2016, where she would have no further interaction with Mr. Addison. (Dkt. No. 17 at 5.) Based on the facts alleged, the statute of limitations period for filing claims against Mr. Addison began to run no later than April 2016. Because the proposed second amended complaint was filed in May 2019, more than three years later, it is only timely if it relates back to the date of the original complaint under Federal Rule of Civil Procedure Rule 15(c).[1] *See Martell v. Trilogy Ltd*., 872 F.2d 322, 323 (9th Cir. 1989).

Plaintiff argues that the relation back doctrine saves her claims because they arise out of the same conduct alleged in her original complaint, which she filed in January 2016. (Dkt. No. 21 at 5.); *See* Fed. R. Civ. P. 15(c). The Ninth Circuit has held that for an amendment that joins a defendant to relate back to the date of the original suit, four factors must be satisfied: (1) the claim against the proposed defendant must have arisen out of the conduct set forth in the original pleading; (2) the proposed defendant received notice such that it would not be prejudiced in maintaining its defense; (3) the proposed defendant knows or should have known that, but for a mistake of identity, an action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the time period prescribed to serve summons and

---

[1] Plaintiff tacitly admits that her claims against Mr. Addison would be time-barred without application of the relation back doctrine. (*See* Dkt. No. 21 at 5) ("Relation-back is a fair an equitable justification for allowing this case to proceed against Mr. Addison, who demoted Plaintiff, as well as her employer.")

the complaint. *Louisiana-Pacific Corp. v. ASARCO, Inc.*, 5 F.3d 431, 434 (9th Cir. 1993).

In this case, the first two factors are satisfied. Plaintiff's allegations against Mr. Addison arise out of the same conduct set forth in her original complaint. (*See* Dkt. Nos. 1-2, 12-2.) Plaintiff alleges Mr. Addison is currently employed by Defendant and would have been given notice of the proposed amendment, such that he would not be prejudiced in maintaining a defense.[2] (Dkt. 21 at 5.) However, the third factor is not satisfied because there was no mistake of identity in this case. Plaintiff discussed Mr. Addison's conduct in her original complaint, but chose not to name him as a defendant in her first amended complaint. (Dkt. Nos. 1-2 at 10–11, 8-6.) Plaintiff cannot assert that she did not know Mr. Addison's identity. Thus, Plaintiff's amendment regarding Mr. Addison does not relate back under Federal Rule of Civil Procedure 15(c). *See Louisiana-Pacific Corp.*, 5 F.3d at 434. This factor weighs in favor of denying Plaintiff's motion for leave to amend to join Mr. Addison.

### 3. **Unexplained Delay**

Plaintiff was *pro se* until May 21, 2019, and she filed the instant motion for leave to amend her complaint only eight days after she retained counsel. (Dkt. Nos. 11, 12.) It is conceivable that Plaintiff was unaware of the possibility to join Mr. Addison until she retained counsel. Defendant argues that Plaintiff should have joined Mr. Addison earlier because she was represented by counsel when she filed a claim with the Washington State Human Rights Commission in October 2017, which was based on the same alleged conduct as this lawsuit. (Dkt. No. 15 at 4.) However, the earlier claim was part of an administrative proceeding and has no bearing on the current lawsuit. Nor does it show that Plaintiff purposely delayed in requesting joinder of Mr. Addison in the current lawsuit. Furthermore, only a few months passed between the filing of the complaint and the proposed amended complaint. (*See* Dkt Nos. 8-6, 12.)

---

[2] On July 12, 2019, Defendant filed a motion for leave to file a supplemental declaration, which alleges that Mr. Addison is no longer employed by Defendant. (Dkt. No. 24.) The Court determines that the relation back doctrine does not apply to Plaintiff's claims against Mr. Addison, regardless of the additional declaration. Defendant's motion (Dkt. No. 24) is DENIED.

1  Therefore, this factor weighs in favor of granting Plaintiff's motion for leave to amend her
2  complaint.

### 4. Intent to Destroy Diversity

Defendant argues that courts in the Ninth Circuit should scrutinize a plaintiff's motive in joining a non-diverse defendant after removal. (Dkt. No. 15 at 9.) Defendant further argues that because there are no substantive changes to the proposed amended complaint, aside from the addition of Mr. Addison as a defendant, it is clear that Plaintiff's only motive is to destroy diversity. (*Id.*) Plaintiff asserts that she seeks to join Mr. Addison because it is permissible under Washington law to sue a supervisor who is allegedly responsible for a plaintiff's demotion. (Dkt. No. 21 at 12.) As previously discussed, Plaintiff's claims against Mr. Addison are time-barred based on the record before the Court. Because her claims against Mr. Addison would be properly dismissed from state court upon remand, this factor weighs in favor of denying Plaintiff's motion for leave to amend her complaint to join Mr. Addison.

### 5. Validity of Claim

Defendant argues that Plaintiff's claims against Mr. Addison are not valid because they are time-barred and they would likely not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 15 at 10–11.) Plaintiff has alleged sufficient facts to support plausible claims against Mr. Addison, as he was directly involved with the alleged discriminatory and retaliatory conduct for which Plaintiff seeks relief. (*See* Dkt. No. 12-2.) Yet, while the claims appear plausible on their face, they are time-barred. Therefore, the claims would not be valid, and this factor weighs in favor of denying Plaintiff's motion for leave to amend her complaint.

### 6. Prejudice to Plaintiff

Plaintiff seeks to join Mr. Addison so that she can hold Mr. Addison and Defendant jointly and severally liable, allowing her to collect damages from either party. (Dkt. No. 21 at 13.) But any damages awarded to Plaintiff could be satisfied by Defendant since she alleges the

exact same claims against Mr. Addison in her proposed amended complaint. (Dkt. No. 12-2.) Furthermore, Plaintiff could call Mr. Addison as a witness to testify in trial or file a separate lawsuit against him in state court if she desires. Therefore, there would be no prejudice to Plaintiff if amendment were denied, and this factor weighs in favor of denying leave to amend.

The Court also finds that joining Mr. Addison to the lawsuit would not be appropriate under the circumstances. The claims against Mr. Addison are time-barred. Additionally, denial of leave to join Mr. Addison will not prejudice Plaintiff because she can seek the same damages from Defendant, and she can pursue a separate lawsuit against Mr. Addison in state court if she chooses.

## III. CONCLUSION

Pursuant to 28 U.S.C. § 1447(e), the Court DENIES Plaintiff's motion for leave to amend as it pertains to joinder of Mr. Addison. Plaintiff's motion for leave to amend her complaint is GRANTED as it pertains to her other proposed technical changes, such as correcting the name of Defendant Jacobs Engineering Group, Inc. and summarizing her existing claims and relief requested. Plaintiff may file a second amended complaint that incorporates *those proposed changes only* (*see* Dkt. No. 12-2 at 23–47), and which must be filed within seven days from the date this order is issued. Further, the Court DENIES Defendant's motion for leave to file a supplemental declaration (Dkt. No. 24).

DATED this 17th day of July 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C19-0128-JCC
PAGE - 7