THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COLLEEN PARRIS,<br><br>                Plaintiff,<br><br>     v.<br><br>JACOBS ENGINEERING GROUP, INC.,<br><br>                Defendant. | CASE NO. C19-0128-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion to strike Plaintiff's jury demand and for attorney fees (Dkt. No. 27). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

## I. BACKGROUND

On January 10, 2019, Plaintiff, proceeding *pro se*, filed a lawsuit in King County Superior Court against Defendant, alleging discrimination and retaliation claims under the Washington Law Against Discrimination ("WLAD"), Wash. Rev. Code §§ 49.60.180, 49.60.210. (*See* Dkt. No. 1-2.) Under the heading "Requested Relief," the complaint contained the following language: "Under Washington law a jury may award unlimited economic losses as well as unlimited 'general damages' for the suffering of discrimination and retaliation. Under Federal law the jury may award up to $300,000 per 'violation' as punitive damages. Therefore,

plaintiff seeks $300,000 per violation." (*Id*. at 23.) The complaint did not contain any other language regarding a jury. (*See generally id.*)

On January 28, 2019, Plaintiff filed an amended complaint. (Dkt. No. 8-6.) The amended complaint contained the identical language regarding a jury as contained in the original complaint. (*Compare* Dkt. No. 1-2, *with* Dkt. No. 8-6.) The following day, Defendant removed the case to this Court based on diversity jurisdiction. (Dkt. No. 1-2.) Plaintiff retained counsel in this matter on May 21, 2019, and eight days later, filed a motion for leave to file a second amended complaint. (Dkt. Nos. 11, 12.) In seeking leave to amend, Plaintiff stated that "[t]he only substantive change between the Amended Complaint and the Second Amended Complaint is the addition of Jonathon Addison, one of Plaintiff's supervisors, and clarification of the identity of Plaintiff's actual employer." (Dkt. No. 12 at 5.) Notwithstanding this statement, the proposed second amended complaint contained the following language: "Plaintiff requests this court order that this matter be heard by a jury and upon proof grant the following relief . . . ." (Dkt. No. 12-2 at 46.) Defendant opposed Plaintiff's motion for leave to file a second amended complaint, arguing that Mr. Addison was a non-diverse party who, if joined, would destroy diversity jurisdiction. (Dkt. No. 15 at 1.) Defendant further argued that joinder was unwarranted because Plaintiff's claims against Mr. Addison were time-barred. (*Id*. at 7.) Neither party said anything in its briefing regarding the jury demand contained in the proposed second amended complaint. (*See* Dkt. Nos. 12, 15.)

On July 17, 2019, the Court granted in part and denied in part Plaintiff's motion for leave to file a second amended complaint. (Dkt. No. 25.) The Court denied Plaintiff leave to join Mr. Addison, but allowed Plaintiff leave to amend "as it pertain[ed] to her other proposed technical changes, such as correcting the name of Defendant Jacobs Engineering Group, Inc. and summarizing her existing claims and relief requested." (*Id*. at 7.) Plaintiff filed a second amended complaint that included the following language: "Plaintiff requests this court order that this matter be heard by a jury and upon proof grant the following relief . . . ." (Dkt. No. 26 at 15.)

Prior to the Court issuing its order, it held a status conference on July 9, 2019. (Dkt. No. 23.) At the status conference, the Court scheduled a bench trial for August 24, 2020, and neither party objected. (*Id*.) On July 31, 2019, Defendant filed the present motion to strike the jury demand from Plaintiff's second amended complaint. (Dkt. No. 27.) Defendant argues that Plaintiff's amended complaint did not contain a jury demand, and that Plaintiff's attempt to add a jury demand to the second amended complaint was untimely. (*Id*. at 4–5.) Plaintiff asserts that her amended complaint contained sufficient language to represent a jury demand. (Dkt. No. 31 at 1–2.)

## II. DISCUSSION

### A. Legal Standard

"The right of trial by jury as declared by the Seventh Amendment to the Constitution--or as provided by a federal statute--is preserved to the parties inviolate." Fed. R. Civ. P. 38(a). A party must demand a jury trial by: "(1) serving the other parties with a written demand--which may be included in a pleading--no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d)." Fed. R. Civ. P. 38(b). A party waives its right to a jury unless its demand is properly served and timely filed. *See* Fed. R. Civ. P. 38(d).

If a party fails to make a timely jury demand after a case is removed from state court, there are two situations in which that party can avoid waiving its right to a jury trial. *See* Fed. R. Civ. P. 81(c). First, a party is entitled to a jury in federal court so long as it made a proper jury demand under state law prior to the case being removed. *See* Fed. R. Civ. P. 81(c) ("A party who, prior to removal, has made an express demand for trial by jury in accordance with state law, need not make a demand after removal."). Second, a party does not have to request a jury after removal if it filed a pleading in state court that contained a jury demand that would satisfy Rule 38(b). *See Mondor v. U.S. Dist. Court*, 910 F.2d 585, 587 (9th Cir. 1990) ("[W]here a pre-removal jury demand would satisfy federal . . . requirements, that demand is incorporated into

the federal record upon removal, and is deemed to satisfy Rule 38(b)."); *see also* Fed. R. Civ. P. 81(c) ("Repleading [after removal] is not necessary unless the court so orders.").

District courts are to "indulge every reasonable presumption against waiver" of the jury trial right. *Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1064 (9th Cir. 2005) (quoting *Aetna Ins. Co. v. Kennedy ex rel. Bogash*, 301 U.S. 389, 393 (1937)). In the Ninth Circuit, a jury demand must be "sufficiently clear to alert a careful reader that a jury trial is requested on an issue." *Id.* at 1064. The Ninth Circuit allows for a "great deal of flexibility in how the [jury] request is made . . . while still recognizing that the purpose of Rule 38's demand requirement is to 'inform the Court and counsel well in advance of trial as to the trial method desired.'" *Id.* (quoting *Gallagher v. Del. & H.R. Corp.*, 15 F.R.D. 1, 3 (M.D. Pa. 1953)).

In this case, it is undisputed that Plaintiff did not move to amend her complaint to add an explicit jury demand until several months after Defendant filed its answer. (*Compare* Dkt. No. 9, *with* Dkt. No. 12.) Therefore, Plaintiff's attempt to amend the complaint to add a jury demand was untimely. *See* Fed. R. Civ. P. 38(b); *see also Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001) ("An untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown."). Nor did Plaintiff's amended complaint comply with Washington State's Superior Court Rules for demanding a jury trial. *See* Wash. R. Sup. Ct. 38(b) ("At or prior to the time the case is called to be set for trial, any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefore in writing, by filing the demand with the clerk, and by paying the jury fee required by law."). Thus, the only way that Plaintiff could have preserved her right to a jury trial is if the amended complaint filed in state court satisfied the Rule 38 notice requirement. *See* Fed. R. Civ. P. 81(c); *Mondor*, 910 F.2d at 587.

Defendant argues that Plaintiff's amended complaint did not contain a jury demand that

satisfied Rule 38. (Dkt. No. 27 at 4.)[1] Plaintiff counters that the language contained in the amended complaint regarding a jury was sufficient to meet the requirements of Rule 38. (Dkt. No. 31 at 3–4.) The Court agrees with Plaintiff that the language contained in her amended complaint was sufficiently clear to alert a careful reader that a jury trial was requested on the issue of damages. *See Lutz*, 403 F.3d at 1064.

The Ninth Circuit's decision in *Lutz* is instructive. In *Lutz*, the court determined that a few passing references to a jury contained in the body of a *pro se* plaintiff's complaint were sufficient to invoke the right to a jury trial under Rule 38(b). *Id*. Analyzing the relevant language, the court noted:

> [Plaintiff's] complaint did not explicitly demand that her case be tried to a jury. However, in her prayer for relief, she requested that the court "[e]nter a Judgment in favor of Plaintiff for such back pay and value of lost employment benefits as may *be found by a jury*" (emphasis added). She also requested compensatory damages for pain and suffering in "such amount as may be *awarded by a jury*" (emphasis added).

*Id*. While noting that the plaintiff's jury demand "certainly could have been clearer," the court concluded that the above language, "provide[d] sufficient notice to the court and opposing counsel that [plaintiff] wanted a jury trial on two remedial issues: back pay, and damages for pain and suffering." *Id*. at 1065.

The facts of this case are strikingly similar to *Lutz*. As with the complaint in *Lutz*, Plaintiff's amended complaint did not explicitly request a jury trial, but made only passing references to a jury. (*See* Dkt. No. 8-6.) The amended complaint notes that Washington law allows a jury to award various categories of damages, and that Plaintiff is seeking such damages.

---

[1] Defendant also notes that the amended complaint failed to comply with the local rules, which require parties to type the words "JURY DEMAND" in all capital letters on the first page immediately below the name of the pleading to the right of the name of the case. (Dkt. No. 27 at 4.) *See* W.D. Wash. Local Civ. R. 38(b). The Court does not think such an omission is dispositive because the amended complaint was originally filed in state court, not in federal court. *See Pradier v. Elespuru*, 641 F.2d 808, 810–11 (9th Cir. 1981) (ruling that a party's failure to comply with a local court rule requiring placement of a jury demand notation in the caption of pleading did not result in waiver of jury trial).

1 (*See* Dkt. No. 8-6.) Similarly, in *Lutz*, the complaint noted that certain types of a damages "may
2 be found by a jury." 403 F.3d at 1064. In both *Lutz* and this case, the plaintiffs were *pro se*, and
3 included the jury language in a section of the complaint that outlined the relief requested.
4 Although Plaintiff certainly could have been clearer, the amended complaint sufficiently put
5 Defendant on notice that Plaintiff wanted a jury to decide the issue of damages. *Id*.

By contrast, the amended complaint does not include any language to put Defendant on notice that Plaintiff requested a jury to decide any issues aside from damages—for example, Defendant's liability. Faced with the same issue in *Lutz*, the court determined that the district court committed reversible error by submitting the entire case to the jury. 403 F.3d at 1065 ("Because Lutz's complaint asked for a jury on some issues but not others, a careful reader would not reasonably conclude that Lutz wanted a jury on all issues presented in the complaint."). Therefore, the Court finds that Plaintiff has timely requested a jury trial, but only as to the issue of damages.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to strike Plaintiff's jury demand and for attorney fees (Dkt. No. 27) is DENIED. This case shall be tried to a jury on August 24, 2020 at 9:30 a.m. The jury will only be allowed to resolve the issue of damages.

DATED this 10th day of September 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE