THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COLLEEN PARRIS, | CASE NO. C19-0128-JCC |
| Plaintiff, | ORDER |
| v. | |
| JACOBS ENGINEERING GROUP INC., | |
| Defendant. | |

This matter comes before the Court on Defendant's motion for summary judgment (Dkt. No. 59). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

I.      BACKGROUND

Defendant Jacobs Engineering Group Inc. is a "full service worldwide provider of engineering, construction and project management services." (Dkt. No. 59 at 2.) Plaintiff Colleen Parris worked for Defendant from 2000 until she was terminated on September 15, 2017, except for a two-year break while working for a company that was then acquired by Defendant. (Dkt. Nos. 59 at 12; 66 at 8, 17.) Defendant asserts it terminated Plaintiff for lack of work. (Dkt. No. 59 at 2, 12.) Plaintiff, who suffers from severe post-traumatic stress disorder ("PTSD"), alleges she was terminated because of her gender and disability. (Dkt. No. 66 at 15.) She filed suit in

King County Superior Court on January 10, 2019, (Dkt. No. 1-2 at 24), and Defendant removed the matter to this Court, (Dkt. No. 1). Plaintiff asserts claims under the Washington Law Against Discrimination ("WLAD"), Wash. Rev. Code Ch. 49.60, for disparate treatment based on her gender and disability, hostile work environment based on her gender and disability, a failure to accommodate her disability, and retaliation. (Dkt. No. 26 at 14–15.) Defendant moves for summary judgment on all claims. (*See* Dkt. No. 59.)[1]

## II. DISCUSSION

### A. Legal Standard

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is genuine if there is sufficient evidence for a reasonable jury to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is material if the fact "might affect the outcome of the suit under the governing law." *Id.* At the summary judgment stage, evidence must be viewed in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in the nonmovant's favor. *Id.* at 255.

### B. Admissibility of Evidence

As a threshold matter, Defendant asks the Court to strike certain exhibits offered by

---

[1] Plaintiff, in opposing summary judgment, chose to affirmatively "not address" Defendant's motion regarding the following claims: Plaintiff's disability-based disparate treatment claim and her gender-based retaliation claim. (Dkt. No. 66 at 7.) In reply, Defendant cites Federal Rule of Civil Procedure 56(e) and Local Rule 7(b)(2) for the proposition that by "not addressing these causes of action . . . [Plaintiff] has conceded summary judgment on these claims." (Dkt. No. 70 at 2 n.1.) This misstates the respective rules. Federal Rule of Civil Procedure 56(e)(3) provides that Defendant, as the party seeking summary judgment, still has the burden to make the Rule 56(a) showing for the claims upon which summary judgment is sought. The Local Rules also do not absolve Defendant of this responsibility. *See* W.D. Wash Local Civ. R. 7(b)(2) (indicating that the rule regarding a failure to respond does not apply to summary judgment motions).

Plaintiff in support of her opposition brief on the basis that the evidence is inadmissible because it lacks foundation and authenticity. (Dkt. No. 70 at 2–3.) The Court declines Defendant's request. The evidence on which Plaintiff relies need only be presented in an admissible form *at trial*—not at summary judgment. *Curnow v. Ridgecrest Police*, 952 F.2d 321, 324 (9th Cir. 1991); *see Clark v. Cnty. of Tulare*, 755 F. Supp. 2d 1075, 1083 (E.D. Cal. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)) ("A party must show that the evidence could be rendered in an admissible form at trial."). The Court is confident that Plaintiff could provide an adequate foundation and support for the exhibits' authenticity at trial.

### C.      Disability Discrimination Claims

Plaintiff indicates that she was diagnosed with "severe, complex PTSD in 2008 from a childhood traumatic incident and relationship with abusive partners." (Dkt. No. 66 at 8.) Her disabling symptoms can be triggered by hostile interactions and threatening situations. (*Id.*) Plaintiff alleges that she reported to Defendant that she was having triggering interactions and situations with a supervisor, yet Defendant failed to adequately address the issue or provide reasonable accommodations, and ultimately terminated her, in part, due to this disability. (*Id.*) Plaintiff brings disability-based WLAD claims for disparate treatment, failure to accommodate, and hostile work environment. (Dkt. No. 26 at 14–15.)

#### 1.   Disparate Treatment

Courts use the *McDonnell Douglas* burden-shifting framework to analyze WLAD discrimination claims. *Mikkelsen v. Pub. Util. Dist. No. 1 of Kittitas County*, 404 P.3d 464, 470 (Wash. 2017) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973)). Under this framework, Plaintiff must first establish a *prima facie* case of discrimination or disparate treatment. *Id.* at 470–71. The burden then shifts to Defendant to articulate a legitimate, nondiscriminatory reason for its action(s). *Id.* If Defendant carries its burden, Plaintiff must finally prove, by a preponderance of the evidence, that the reason asserted for Defendant's action is pretextual. *Id.*

Defendant first argues that summary judgment is warranted because Plaintiff fails to present evidence that she was replaced by someone not in her protected class. (Dkt. No. 59 at 14.) But to establish a *prima facie* case of disparate treatment based on termination, Plaintiff must only show that (1) she belongs to a protected class, (2) she was terminated, and (3) she was doing satisfactory work. *Mikkelsen*, 404 P.3d at 473. While "the attributes of a successor employee may be relevant to the *second or third* steps under the *McDonnell Douglas* framework," it is not relevant to the first step. *Mikkelsen*, 404 P.3d at 473 (emphasis added).

Defendant next argues that, even if Plaintiff can establish a *prima facie* case, Defendant has articulated a legitimate, non-discriminatory reason for her termination: client dissatisfaction with her performance and a lack of available work for other clients. (Dkt. No. 59 at 15.) Under *McDonnell Douglas Corp.*, because Defendant did not move for summary judgment on the *prima facie* elements that Plaintiff was actually required to support, for the Court to award summary judgment, Defendant must present evidence of a legitimate non-discriminatory purpose for Plaintiff's termination, thereby requiring Plaintiff to make a showing that the purpose was pretextual. 411 U.S. at 802–04. Defendant meets this requirement. Specifically, Defendant presents evidence that the last client Plaintiff worked on for Defendant, the Washington State Department of Transportation, asked that she be removed from the project. (Dkt. No. 60-2 at 23.) Defendant also presents evidence that Plaintiff refused an offered replacement assignment. (Dkt. No. 60-16 at 2.) At that point, Plaintiff was put on involuntary leave and, eventually, terminated due to a lack of available work. (Dkt. No. 60-14 at 2.)

Plaintiff presents no evidence contradicting Defendant's assertions, at least for purposes of her disability-based disparate treatment claim. (*See* Dkt. No. 66 at 7 n.2 (indicating in her response brief that she declines to address this cause of action).) Nor does Plaintiff present evidence of pretext. (*Id.*)

Accordingly, the Court GRANTS summary judgment on Plaintiff's disability-based disparate treatment claim.

2. Failure to Accommodate

It is undisputed that, in response to Plaintiff's request to avoid contact with her job-level-supervisor, Jonathon Addison, Defendant tasked Jay Hueter with serving as an intermediary for communications between Plaintiff and Mr. Addison, at least until she was transferred a few months later to a project not involving Mr. Addison. (*See* Dkt. Nos. 59 at 15–18, 66 at 18–20, 70 at 4–7.) At issue for purposes of Defendant's summary judgment motion is whether this accommodation was legally required. Plaintiff argues that the sufficiency of *any* accommodation is a question of fact for a jury,[2] whereas Defendant argues that Plaintiff's request for a new supervisor was unreasonable as a matter of law. (*Id.*) Defendant has the better argument.

"[T]here is no duty under WLAD to reasonably accommodate an employee's disability by providing her with a new supervisor." *Snyder v. Med. Serv. Corp. of E. Washington*, 35 P.3d 1158, 1163 (Wash. 2001); *see Pulcino v. Fed. Express Corp.*, 9 P.3d 787, 795 (Wash. 2000) (noting that "whether an employer made reasonable accommodation" is generally a "question[] of fact for the jury . . . [but] certain types of requests have been found unreasonable as a matter of law" including "an employee's request for a new supervisor or a position with a new supervisor to accommodate her 'emotional condition'") (citing *Snyder v. Med. Serv. Corp. of E. Wash.*, 988 P.2d 1023 (Wash. App. 1999)). Here, it is undisputed that Defendant attempted to accommodate Plaintiff's request. (Dkt. No. 59 at 6–9, 66 at 11.) But it was not required to as a matter of law.

The Court GRANTS summary judgment on Plaintiff's failure to accommodate claim.

3. Hostile Work Environment

A plaintiff bringing a disability-based hostile work environment claim must show that (1)

---

[2] The cases Plaintiff cites for this proposition are distinguishable. In those cases, the employer categorically denied the employee's request for an accommodation. (*See* Dkt. No. 66 at 18–19 (citing *Davis v. Microsoft Corp.*, 70 P.3d 126, 134 (Wash. 2003); *Pulcino*, 9 P.3d at 796; *Kries v. WA-SPOK Primary Care, LLC*, 362 P.3d 974, 995 (Wash. App. 2015); *Johnson v. Chevron U.S.A., Inc.*, 244 P.3d 438, 445 (Wash. App. 2010); *Huge v. Boeing Co.*, 2015 WL 6626568, slip op. at 3 (W.D. Wash. Oct. 30, 2015).) There is no such assertion here.

she was disabled within the meaning of the WLAD; (2) that the harassment was unwelcome; (3) it was because of the disability; (4) it affected the terms or conditions of employment; and (5) it was imputable to the employer. *Balkenbush v. Ortho Biotech Prods., L.P.*, 653 F. Supp. 2d 1115, 1122 (E.D. Wash. 2009) (citing *Robel v. Roundup Corp.*, 59 P.3d 611, 616 (2002)). Defendant seeks summary judgment based upon Plaintiff's inability to establish the third, fourth and fifth elements.

Turning to the third element, Plaintiff must put forth some evidence "that supports a reasonable inference that [her disability] was the motivating factor for [Mr. Addison's allegedly] harassing conduct." *Alonso v. Qwest Commun. Co.*, LLC, 315 P.3d 610, 618 (Wash. App. 2013). The evidence Plaintiff puts forth only supports an inference that, due to her disability, Plaintiff was *negatively impacted* by Mr. Addison's allegedly intimidating and hostile behavior, not that he behaved as he did *because of* her disability. (*See* Dkt. No. 68-1 at 51–62, 150–151.) Plaintiff has not established a genuine issue of fact regarding the causal relationship between her disability and the alleged harassment. Because this is fatal to Plaintiff's claim, the Court need not address Defendant's argument regarding deficiencies in the other elements.

The Court grants summary judgment on Plaintiff's disability-based hostile work environment claim.

### D. Gender Discrimination Claims

Plaintiff alleges that she and her female colleagues were routinely subjected to sexual harassment by a variety of supervisors. (Dkt. No. 66 at 12–13.) Plaintiff contends she did not report the behavior[3] because "[s]he had been working for [Defendant] long enough to observe

---

[3] The Second Amended Complaint contains an allegation that Plaintiff submitted a statement on behalf of a female colleague who recently quit after finding the environment untenable and that, after submitting the statement, "Plaintiff observed a sudden increase" in hostility towards her. (Dkt. No. 26 at 9.) But the allegation is not repeated in Plaintiff's summary judgment briefing, no evidence is presented regarding this statement, and Plaintiff indicates in her briefing that she will "not address" Defendant's summary judgment motion on her gender-based retaliation claim. (Dkt. No. 66 at 7.)

that male employees were permitted to engage in such behavior." (*Id.* at 13–14.) She indicates that instead she did her best to avoid contact with those supervisors, fearing retaliation for reporting their behavior. (*Id.* at 14.) Nevertheless, Plaintiff alleges that the working conditions remained difficult and that, when she was placed on involuntary leave and terminated, Defendant immediately replaced her with a male counterpart. (*Id.* at 15–16.) She brings disability-based WLAD claims for disparate treatment, retaliation, and hostile work environment. (Dkt. No. 26 at 14–15.)

### 1. Disparate Treatment

Plaintiff's gender-based discrimination claim appears limited to her being placed on involuntary leave in March 2017 and then terminated in September 2017. (Dkt. No. 66 at 25–26.) Like with her disability-based discrimination claim, the *McDonnell Douglas* burden-shifting framework is appropriate to assess the adequacy of Plaintiff's gender-based claim. *Hegwine v. Longview Fibre Co., Inc.*, 172 P.3d 688, 696 (Wash. 2007) (citing *McDonnell Douglas Corp.*, 411 U.S. at 802–04 (1973)). Defendant argues that even if Plaintiff established her *prima facie* case, it presents uncontroverted evidence supporting its legitimate non-discriminatory reason for terminating Plaintiff. (Dkt. No. 70 at 8.) This may be true, but Plaintiff presents evidence of pretext: she was immediately replaced by Kevin Rowland, a male employee. (Dkt. No. 68-1 at 257–64.) This evidence is sufficient to establish a material dispute on the issue of pretext. *See Mikkelsen*, 404 P.3d at 473. Summary judgment is DENIED on Plaintiff's gender-based discrimination claim.

### 2. Retaliation

While Plaintiff included a retaliation claim in her complaint, she provides no evidence with her summary judgment briefing to establish her required *prima facie* case. (*See* Dkt. No. 66 at 7 n.2.) Because the *McDonnell Douglas* burden-shifting framework is also the appropriate framework to assess the adequacy of Plaintiff's gender-based retaliation claim, she has failed to establish a material issue of fact on this claim. *Francom v. Costco Wholesale Corp.*, 991 P.2d

ORDER
C19-0128-JCC
PAGE - 7

1182, 1191 (Wash. App. 2000). Summary judgment is GRANTED on Plaintiff's gender-based retaliation claim.

### 3. Hostile Work Environment

In addition to her general allegations regarding a toxic environment for women, Plaintiff alleges that two supervisors in particular, Jim Pace and David Gunn, sexually harassed Plaintiff from 2014 onward. (Dkt. No. 26 at 7–8.) Defendant suggests that any harassment occurring before January 10, 2016 is barred by Washington's statute of limitations. (Dkt. No. 70 at 12.) But the earlier allegations are relevant in establishing a hostile work environment claim, so long as they are "part of a unified whole comprising a hostile work environment" and at least some component of that whole occurred within the period covered by the statute of limitations. *Antonius v. King County*, 103 P.3d 729, 736 (Wash. 2004). Therefore, this is not a barrier for Plaintiff's claim as she provides evidence supporting her assertion that the harassing behavior continued to occur well after January 10, 2016. (*See* Dkt. No. 68-1 at 27–41.)

To prevail on her gender-based hostile work environment claim, Plaintiff must show harassment that (1) was unwelcome, (2) was because of her gender, (3) affected the terms or conditions of her employment, and (4) is imputed to Defendant. *Glasgow v. Georgia-P. Corp.*, 693 P.2d 708, 712 (Wash. 1985). Defendant's only remaining argument is that the allegedly harassing activity is not imputable to Defendant because Plaintiff never reported it. (Dkt. No. 59 at 25.) But Plaintiff presents testimony that the alleged conduct occurred openly in front of others and that Defendant was well aware of it and, in fact, if it was reported, "you just cut your career short." (Dkt. No. 68-1 at 84; *see* Dkt. No. 68-1 at 85, 88–93.)

Summary judgment is DENIED on Plaintiff's gender-based hostile work environment claim.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment (Dkt. No. 59) is GRANTED in part and DENIED in part. The Court GRANTS summary judgment in favor of

Defendant on all of Plaintiff's disability-based claims and her gender-based retaliation claim. The Court DENIES summary judgment on Plaintiff's gender-based disparate treatment and hostile work environment claims.

DATED this 3rd day of May 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE